IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHRISTIAN GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   FILE No. |
| VICKERY CAFÉ INC. and | ) |
| JEFFREY RICHARD TREADWELL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, CHRISTIAN GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, CHRISTIAN GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Fort Worth, Texas (Tarrant County).

3. Plaintiff is disabled as defined by the ADA.

n/a

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")

7. Defendant, VICKERY CAFÉ INC. (hereinafter "VICKERY CAFÉ INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, VICKERY CAFÉ INC., may be properly served with process via its registered agent for service, to wit:  c/o Curtis R. James, Registered Agent, 2016 Frosted Willow Lane, Fort Worth, TX  76177.

9. Defendant, JEFFREY RICHARD TREADWELL (hereinafter "JEFFREY RICHARD TREADWELL"), is an individual who transacts business in the State of Texas and within this judicial district.

10. Defendant, JEFFREY RICHARD TREADWELL, may be properly served with process via service, to wit:  3313 Merrick Street, Fort Worth, TX  76107-6017.

**FACTUAL ALLEGATIONS**

11. On or about October 14, 2019 Plaintiff was a customer at Vickery Blvd. Café, a business located at 4120 W. Vickery Blvd., Fort Worth, TX 76107 referenced herein as the "Vickery Blvd. Café."

12. Vickery Blvd. Café is operated by Defendant, VICKERY CAFÉ INC.

13. VICKERY CAFÉ INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Vickery Blvd. Café.

14. JEFFREY RICHARD TREADWELL is the owner or co-owner of the real property and improvements that Vickery Blvd. Café is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff's access to the business located at 4120 W. Vickery Blvd., Fort Worth, TX 76107, Tarrant County Property Appraiser's account number 00894826 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Vickery Blvd. Café and the Property, including those set forth in this Complaint.

16. Plaintiff lives 3 miles from Vickery Blvd. Café and the Property.

17. Plaintiff has visited Vickery Blvd. Café and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Vickery Blvd. Café and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Vickery Blvd. Café and the Property are accessible again. The

purpose of the revisit is to be a regular customer, to determine if and when Vickery Blvd. Café and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

18. Plaintiff intends on revisiting Vickery Blvd. Café and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19. Plaintiff travelled to Vickery Blvd. Café and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Vickery Blvd. Café and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Vickery Blvd. Café and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education,

4

transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.   Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.   The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. Vickery Blvd. Café is a public accommodation and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. Vickery Blvd. Café must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed Vickery Blvd. Café and the Property in his capacity as a customer of Vickery Blvd. Café and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Vickery Blvd. Café and the Property that preclude and/or limit his access to Vickery Blvd. Café and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit Vickery Blvd. Café and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Vickery Blvd. Café and the Property, but will be unable to fully do so

because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Vickery Blvd. Café and the Property that preclude and/or limit his access to Vickery Blvd. Café and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Vickery Blvd. Café and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, are compelled to remove all physical barriers that exist at Vickery Blvd. Café and the Property, including those specifically set forth herein, and make Vickery Blvd. Café and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access Vickery Blvd. Café and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Vickery Blvd. Café and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) At Unit 4128, the maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(ii) At Unit 4128, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(iii) Near Unit 4126, there are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv) Near Unit 4126, there are two accessible parking spaces and associated access aisles that have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) Near Unit 4126, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi) Near Unit 4126, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking spaces in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vii) Near Unit 4126, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(viii) Near Unit 4126, there is an excessive vertical rise at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(ix) The accessible ramp lacks edge protection or handrails, this is a violation of either section 405.8 or 405.9 of the 2010 ADAAG standards.

(x) Near Unit 4124, due to a failure to enact a policy of proper maintenance to prevent weeds from growing, the ground surfaces of the accessible parking spaces have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xi) In Vickery Boulevard Café, there is not at least 5% (five percent) of the counter seating dining surfaces provided for consumption of food or drink which complies with Section 902.3 requiring the maximum height of the dining surface to be maximum 34 (thirty-four) inches above the finished floor in violation of section 226.1 of the 2010 ADAAG standards.

(xii) In Vickery Boulevard Café, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing

        unused chairs in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xiii) In Vickery Boulevard Café, the door to the restroom lacks a clear minimum maneuvering clearance, due to a policy of storing unused chairs in the maneuvering clearance of the restroom doors, in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xiv) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**VICKERY BOULEVARD CAFÉ RESTROOMS**

(i) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(iv) The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it

        difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii) The grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Vickery Blvd. Café and the Property.

37. Plaintiff requires an inspection of Vickery Blvd. Café and the Property in order to determine all of the discriminatory conditions present at Vickery Blvd. Café and the Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to bring Vickery Blvd. Café and the Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Vickery Blvd. Café and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Vickery Blvd. Café and the Property is readily achievable because Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, have the financial resources to make the necessary modifications.

42. Upon information and good faith belief, Vickery Blvd. Café and the Property have been altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, are required to

remove the physical barriers, dangerous conditions and ADA violations that exist at Vickery Blvd. Café and the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, to modify Vickery Blvd. Café and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, VICKERY CAFÉ INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, JEFFREY RICHARD TREADWELL, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, VICKERY CAFÉ INC. and JEFFREY RICHARD TREADWELL, to (i) remove the physical barriers to access and (ii) alter the subject Vickery Blvd. Café and the Property to make it

readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 23, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

 /s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

  /s/ Emil Lippe, Jr.    .
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
CHRISTIAN GARCIA

14